# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 28, 2024

```
* * * * * * * * * * * * * *    *
KATHARINE STORCH, as executrix of    *    No. 21-2140
ESTATE OF ANNA BERACZ,    *
    *
        Petitioner,    *    Special Master Sanders
    *
 v.    *
    *
SECRETARY OF HEALTH    *
AND HUMAN SERVICES,    *
    *
        Respondent.    *
* * * * * * * * * * * * * *    *
```

*Braden A. Blumenstiel*, The Law Office of DuPont & Blumenstiel, Dublin, OH, for Petitioner.
*James V. Lopez*, U.S. Department of Justice, Washington, DC, for Respondent.

## DISMISSAL[1]

On November 8, 2021, Katharine Storch, as executrix of the estate of Anna Beracz, ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that her deceased grandmother, Ms. Beracz, suffered from "difficulty walking, significant and rapid cognitive decline, and impaired memory" due to an influenza seasonal high dose ("flu") vaccine and/or a Tdap vaccine administered on November 6, 2018. Pet. at 1, ECF No. 1.

On March 20, 2024, I issued a Show Cause Order directing Petitioner to show cause as to why her case should not be dismissed for failure to prosecute after repeatedly moving for extensions and failing to file adequate medical records since November 18, 2021. Show Cause Order at 1-2, ECF No. 18. On April 19, 2024, Petitioner filed a notice to inform the Court that she

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

sought to voluntarily dismiss this matter. Pet'r's Notice, ECF No. 19. Chambers informed the parties via email that Petitioner must file a motion in order to successfully dismiss her matter. On May 15, 2024, Petitioner filed a motion for a decision dismissing her petition. Pet'r's Motion, ECF No. 20. In her motion, Petitioner stated that "[a]n investigation of the facts supporting Petitioner's case has demonstrated Petitioner will be unable to prove she is entitled to compensation in the Vaccine Program." *Id.* ¶ 1. She continued, "[i]n these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program." *Id.* ¶ 2. When contacted, Respondent "expressly reserve[d] the right, pursuant to 42 U.S.C. § 300aa(15)e, to question the good faith and reasonable basis of her claim and to oppose, if appropriate, [Petitioner's] application for costs." *Id.* ¶ 4. Otherwise, Respondent did not oppose Petitioner's motion. *Id.*

To receive compensation under the Program, Petitioner must prove either (1) that Ms. Beracz suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table— corresponding to the vaccination, or (2) that Ms. Beracz suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover evidence that Ms. Beracz suffered a "Table Injury." Further, the record does not contain persuasive evidence that Ms. Beracz's alleged injuries were caused by the flu and/or Tdap vaccines.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and at this time, Petitioner has not filed sufficient supporting evidence. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.